UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS – HOUSTON DIVISION

|  |  |
|---|---|
| PERCY KENNEDY, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:24-cv-02621 |
| MORGAN & ASSOCIATES, P.C., And ONE MAIN FINANCIAL GROUP, LLC | ) |
| Defendant. | ) |

_____

## ANSWER TO COMPLAINT
_____

COMES NOW Defendant, OneMain Financial Group, LLC, ("OneMain") by and through its counsel, and respectfully submits the following Answer to the Plaintiff's Complaint:

1. Defendant denies paragraph 1 of Plaintiff's Complaint, as there were no violations of the Fair Debt Collections Practices Act.

2. Defendant admits paragraph 2 of Plaintiff's Complaint.

3. Defendant admits paragraph 3 of Plaintiff's Complaint.

4. Defendant admits paragraph 4 of Plaintiff's Complaint.

5. Defendant admits paragraph 5 of Plaintiff's Complaint.

6. Defendant is unable to admit or deny paragraph 6 of Plaintiff's Complaint, and therefore denies and demands strict proof thereof.

7. Defendant admits paragraphs 7 of Plaintiff's Complaint.

8. Defendant admits paragraph 8 of Plaintiff's Complaint.

9. Defendant admits paragraph 9 of Plaintiff's Complaint.

10. Defendant is unable to admit or deny paragraph 10 of Plaintiff's Complaint, and therefore denies and demands strict proof thereof.

11. Defendant admits paragraph 11 of Plaintiff's Complaint.

12. Defendant admits paragraph 12 of Plaintiff's Complaint.

13. Defendant is unable to admit or deny paragraph 13 of Plaintiff's Complaint, and therefore denies and demands strict proof thereof.

14. Defendant denies paragraph 14 of Plaintiff's Complaint.

15. Defendant denies paragraph 15 of Plaintiff's Complaint

16. Defendant denies paragraph 16 of Plaintiff's Complaint.

17. Defendant is unable to admit or deny paragraph 17 of Plaintiff's Complaint and therefore denies and demands strict proof thereof.

18. Paragraph 18 is a legal conclusion and requires no response inasmuch as a response is necessary it is denied.

19. Defendant denies paragraph 19 of Plaintiff's Complaint, Morgan & Associates, P.C. ("M&A") is an independent contract attorney and is not an employee of OneMain Financial Group, LLC, and therefore Respondeat Superior Liability would not apply in this case.

20. Defendant denies paragraph 20 of Plaintiff's Complaint, M&A is an independent contract attorney and is not an employee of OneMain Financial Group, LLC, and therefore Respondeat Superior Liability would not apply in this case.

21. Defendant denies paragraph 21 of Plaintiff's Complaint, M&A is an independent contract attorney and is not an employee of OneMain Financial Group, LLC, and therefore Respondeat Superior Liability would not apply in this case.

22. Defendant denies paragraph 22 of Plaintiff's Complaint, M&A is an independent contract attorney and is not an employee of OneMain Financial Group, LLC, and therefore Respondeat Superior Liability would not apply in this case.

23. Defendant OneMain denies that a violation occurred and demands strict proof thereof, and states that the FDCPA would not apply to OneMain as OneMain is an original creditor and not a debt collector under 15 U.S.C. 1692a (6)(F).

24. Defendant denies paragraph 24 of Plaintiff's Complaint.

25. Paragraph 25 merely recites the law, and requires no response, to the extent a response is required it is denied.

26. Paragraph 26 merely recites the law, and requires no response, to the extent a response is required it is denied.

27. Defendant is unable to admit or deny paragraph 27 of Plaintiff's Complaint and therefore denies and demands strict proof thereof.

28. Paragraph 28 merely recites the law, and requires no response, to the extent a response is required it is denied.

29. Defendant denies paragraph 29 of Plaintiff's Complaint.

30. Defendant denies paragraph 30 of Plaintiff's Complaint as to any vicarious liability of OneMain Financial Group, LLC as any violation of the law would be outside the scope of M&A and One Main Financial Group, LLC's relationship.

31. Paragraph 31 is a demand for jury OneMain acknowledges this request, but denies they are entitled to a jury trial.

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state any claims upon which relief may be granted against Defendant OneMain.
2. Plaintiff is not a right party in interest.
3. Plaintiff has not suffered any damages.
4. To the extent that Plaintiff has suffered any damages, which is expressly disputed by Defendant, Plaintiff has failed to mitigate any such damages.

5. Plaintiff's claims are barred because the claimed injury and damages were not proximately caused by any acts or omissions of the Defendant.

6. Plaintiff's claims are barred because Plaintiff's causation of injuries, injuries claimed and the damages claimed, if any, were or may have been caused by the conduct of third parties, which Defendant has no control, including but not limited to the prior, intervening or superseding conduct of third parties.

7. Plaintiff, without action of any other parties or entity, has caused her own injuries and damages.

8. Plaintiff's claims are barred by estoppel, waiver and/or laches.

9. Plaintiff's claims may be barred or diminished by Defendant's right to setoff and/or recoupment arising from defaults, deficiencies or otherwise.

10. Plaintiff's claims are barred by the doctrine of unclean hands or *in pari delicto* or both.

11. Plaintiff's claims are brought for the intent to multiply legal proceedings, as defined by 28 U.S.C. §1927.

12. Defendant further asserts any further affirmative defenses set forth in F.R.C.P. 8(c) and 12(b).

13. Defendant reserves the right to assert additional affirmative defenses that become known through the course of discovery.

## ALL CLAIMS AGAINST ONEMAIN FINANCIAL GROUP, LLC ARE CONTROLLED BY AN ARBITRATION AGREEMENT AVAILABLE AT EITHER PARTY'S ELECTION

14. Defendant, OneMain, by its attorneys, and, pursuant to Sections 3 and 4 of the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 3 and 4, moves this Court to compel arbitration of the claim of Plaintiff.

15. All claims against OneMain Financial Group, LLC are subject to an arbitration agreement pursuant to the contract and available at the election of either party. The agreement is governed by the Federal Arbitration Act.

16. This agreement includes a waiver of trial by jury, and binds the parties to mandatory arbitration.

17. OneMain should be dismissed from this lawsuit and any claims against OneMain should be compelled to arbitration because Plaintiff signed the Arbitration Agreement and Jury Trial Waiver and is a party to a binding arbitration agreement.

18. OneMain will file a motion compelling arbitration in this matter.

WHEREFORE, Defendant requests this Court dismiss Plaintiff's Complaint against Defendant OneMain in its entirety with prejudice and award Defendant its reasonable attorney fees and costs incurred in defending this action; deny any other requested damages, fees, costs, other legal and equitable relief and for other such further relief as the Court deems just and equitable.

Respectfully submitted this 12th day of August 2024.

**MORGAN & ASSOCIATES, P.C.**

*/s/   Bobby G. Irby*
Bobby G. Irby
State Bar No. 19840
Email: birby@morganandassoc.com
2601 NW Expressway, Ste. 205E
Oklahoma City, OK 73112
Telephone: 405-425-0700
Fax: 405-425-0739

## CERTIFICATE OF SERVICE

I hereby certify that on August 12, 2024, a true and correct copy of the foregoing document and a notice of filing were duly furnished to all counsel of record using ECF system for filing.

*/s/Bobby Irby*